UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **YVETTE LORMAND** | **CASE NO.  2:21-CV-04354** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLIED TRUST INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before is a Motion in Limine (Doc. 29) filed by Defendant Allied Trust Insurance Company's ("Allied") to exclude Charles Norman's engineer report and all reliance and reference to it. Plaintiff Yvette Lormand opposes the motion. Doc. 36. Allied has replied. Doc. 41.

This diversity action arises from an insurance policy coverage dispute relating to losses sustained during Hurricane Laura on August 27, 2020, to Plaintiff's property located at 116 Park Ave., Lake Charles, Louisiana 70601.[1] Plaintiff's property was insured by Allied under Policy No. 800985.[2] After being notified of the loss, Allied inspected Plaintiff's Property.[3] Dissatisfied with the claim process, Plaintiff field suit in this Court on December 20, 2021, alleging claims for breach of contract and violation of Louisiana Revised Statutes sections 22:1892 and 22:1973.[4] Jury trial is set for August 12, 2023.[5]

---

[1] Doc. 1, p. 1–2.
[2] *Id.* at 2.
[3] *Id.*
[4] *Id.* at 3–6.
[5] Doc. 15.

Here, Allied argues that Charles Norman's report, which is listed as an exhibit on Plaintiff's Pre-Trial Statement, is inadmissible, and any reference to or reliance on it should be precluded. Plaintiff counters that Mr. Norman's report can be relied upon or referenced by other experts. Moreover, Plaintiff argues that Mr. Norman's report is admissible under the business records exception because Mr. Norman's report is in Allied's claims file, which is a business record kept within the course of regularly conducted business. First, Plaintiff's experts are entitled, under Rule 703, to rely on hearsay as a basis for their opinions. *See First Nat. Bank of Louisville v. Lustig*, 96 F.3d 1554, 1576 (5th Cir. 1996) ("Experts may rely on hearsay evidence in forming their opinions."). Yet still, Mr. Norman's expert report is inadmissible hearsay.

Second, as to the business records exception, Rule 803(6) requires that the record be kept in the course of a regular conducted activity of a business, and the making of the record be a regular practice of that activity.[6] Mr. Norman's report was not made by Allied in the regular course of its business; that is, Allied is not customarily in the business of making or preparing engineering reports. Therefore, the business records exception to the rule against hearsay does not apply to Mr. Norman's report.

In sum, Mr. Norman's report is not admissible into evidence. Nonetheless, Mr. Norman's report can be referenced and relied upon by Plaintiff's experts as a basis for forming their own opinions.

---

[6] *See also Palmer v. Hoffman*, 318 U.S. 109, 115 (1943) ("'[R]egular course' of business must find its meaning in the inherent nature of the business in question and in the methods systematically employed for the conduct of the business as a business.").

**IT IS ORDERD** that Allied Trust's Motion in Limine (Doc. 29) be **GRANTED IN PART** as to Mr. Norman's report itself and **DENIED IN PART** as to any reference and/or reliance on Mr. Norman's report.

**THUS DONE AND SIGNED** in Chambers on this 2nd day of August 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE